## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES ALLEN SPURLOCK,**

  **Plaintiff,**

  **v.**            **CASE NO. 20-3121-SAC**

**RICHARD ENGLISH, et al.,**

  **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").

## I. Nature of the Matter before the Court

Plaintiff alleges in his Complaint that Defendants failed to protect him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff alleges that he was placed in protective custody due to threats from gang members. Plaintiff was in protective custody at Lansing Correctional Facility and then at Hutchinson Correctional Facility. Plaintiff was transferred to EDCF and was placed in general population. Plaintiff was approached by gang members and told he either needed to join their gang or "coverup/cut off" his swastika tattoo. When Plaintiff refused to comply, he was beaten by two gang members. Plaintiff was directed by staff to write a report about the incident, which he did. This information "got out" to the prison population and Plaintiff was labeled a snitch.

Plaintiff was then placed in protective custody at EDCF. When Plaintiff explained to Defendant English that he was in protective custody because he was afraid he would be attacked again and possibly killed, English told Plaintiff on several occasions to "man-up & deal with it."

Plaintiff was told that the main gang members had either been transferred or were in the hole and he did not need to worry for his safety.

Plaintiff alleges that on June 25, 2019, the protective custody unit he was in was removed from EDCF and Plaintiff was then in general population.  Plaintiff alleges that Defendant Cline directed Defendant English to discontinue the protective custody program at EDCF.  They no longer brought meals to the protective custody unit and Plaintiff was forced to attend the chow hall.  Plaintiff requested placement in protective custody and filed grievances and wrote to the Warden regarding his placement in general population.  Plaintiff alleges that on August 4, 2019, while in general population, he was assaulted by two gang members in his cell, suffered substantial injuries and was transported to the hospital.  Plaintiff was in the infirmary for several days following the incident.  Plaintiff was then placed back in protective custody.  Plaintiff names Unit Team Richard English and Warden Sam Cline as defendants and seeks compensatory and punitive damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Discussion

"Prison and jail officials, as well as municipal entities that employ them, cannot absolutely guarantee the safety of their prisoners.  Nonetheless, they have a constitutional duty to take reasonable steps to protect the prisoners' safety and bodily integrity."  *Wright v. Collison*, 651 F. App'x 745, 748 (10th Cir. 2016) (unpublished) (quoting *Cox v. Glanz*, 800 F.3d 1231, 1247–48 (10th Cir. 2015)).  "To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm by other inmates, the plaintiff must show that he [was] incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component."  *Id.* (citing *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (brackets and internal quotation marks omitted)).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of EDCF.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court

orders the appropriate officials of EDCF to prepare and file a *Martinez* Report.  Once the report

has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

## IV.  Motion to Appoint Counsel

Plaintiff filed a Motion for the Appointment of Counsel (Doc. 3), arguing that he is

indigent, the issues are complex, he is in segregation with limited law library access, he has limited

knowledge of the law, and he has been unable to obtain counsel.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no

constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543,

547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether

to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*,

926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that

there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461

F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115

(10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the

prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*,

461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's

claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to

investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a

colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears

capable of adequately presenting facts and arguments.  The Court denies the motion without

prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for the Appointment of Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that**:**

(1)    The Clerk of Court shall serve Defendants Richard English and Sam Cline under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2)    Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report.  Upon the filing of that report, the AG/Defendant shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3)    Officials responsible for the operation of EDCF are directed to undertake a review of the subject matter of the Complaint:

      a.    To ascertain the facts and circumstances;

      b.    To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

      c.    To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4)    Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(5)     Authorization is granted to the officials of EDCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)     No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report ordered herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated July 29, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**