IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMES ALLEN SPURLOCK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 5:20-cv-3121-JWB-KGG |
| | ) | |
| RICHARD ENGLISH, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER ON**
**MOTION FOR APPOINTMENT OF COUNSEL**

The Plaintiff, James Allen Spurlock, filed a "Motion to Appoint Counsel" (Doc. 45) for the second time with this Court. The first ruling on Plaintiff's motion to appoint counsel was denied without prejudice. (Doc. 6). The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford

1

counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, Plaintiff indicates he "is unable to afford counsel." (Doc. 45, at 1). The Court has no reason to doubt his assertion and notes that Plaintiff was previously given leave to proceed *in forma pauperis*. (Doc. 4). The second factor relates to the Plaintiff's diligence in searching for counsel. In his motion, Plaintiff states that he has made repeated efforts to obtain an attorney to no avail. (Doc. 45, at 2). While the method of communication was postal mail, the Court understands that Plaintiff is in protective custody and has limited access to other means of communication. No further details of the communication attempts were provided.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Plaintiff brings § 1983 claims alleging he was assaulted due to the deliberate indifference of the prison and its

2

employees. The Court has reviewed the complaint and concludes that the Plaintiff may have a colorable claim. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (holding that a prison official's deliberate indifference to substantial risk of harm implicates the Eight Amendment).

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422. The Court notes that § 1983 claims are often complex. *See, e.g.*, *Lee v. City of Topeka*, No. 10–4126–CM, 2011 WL 720191, at *2 (D. Kan. Feb. 22, 2011) (noting § 1983 claims are often complex). Plaintiff also notes that the case will likely involve conflicting testimony and would be in a better position if a lawyer were to advocate for his position. (Doc. 45, at 1–2). He also mentions that he has limited access to the law library due to being in protective custody. (*Id.*, at 1).

While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 45) is **DENIED**.

The Court is also in receipt of Plaintiff's letter attached to the motion. Plaintiff indicates he has "many questions" regarding the initial order. The Court has set a

3

scheduling conference for February 10, 2022, at 10:00 a.m. Arrangements have been made to ensure Plaintiff can participate in the conference. As such, the Court will address any questions and concerns Plaintiff has at that time.

**SO ORDERED.**

Dated at Wichita, Kansas, on this 19th day of January 2022.

/S KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge