IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES ALLEN SPURLOCK )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RICHARD ENGLISH and )<br>SAM CLINE )<br>)<br>Defendant. )<br>) | Case No. 5:20-cv-3121-JWB-KGG |

**MEMORANDUM & ORDER ON**
**MOTION FOR RECONSIDERATION**

Plaintiff James Allen Spurlock has moved for reconsideration (ECF No. 49) of this Court's order denying his motion to appoint counsel (ECF. No. 46). A motion for reconsideration must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3.

The motion to appoint counsel was originally denied because Plaintiff had not made a sufficient showing to the Court that he should be appointed counsel. His arguments centered around him being in protective custody with limited access to legal materials. The central issue in the Court's underlying Order was whether Plaintiff's situation is distinguishable from other *pro se* litigants who represent themselves on any given day. However, after conducting a scheduling conference with the parties and

1

reviewing the proposed protective order, the Court finds appointment of counsel necessary.

The Supreme Court originally held that the test in determining whether inmates have access to the courts is whether the prisoner is provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817 (1977), *abrogated by Lewis v. Casey*, 518 U.S. 343 (1996). The Supreme Court later held that *Bounds* did not create a free-standing right to a law library or legal access, but explained that:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996). The right of access can be satisfied by providing prisoners with adequate law libraries or adequate legal assistance. *Cox v. Denning*, No. 12-2571-KHV-DJW, 2012 WL 5877528, at *3 (D. Kan. Nov. 20, 2012). In other words, inmates are not guaranteed unfettered or total access, but instead are guaranteed *meaningful* access. *Id.*

The District of Nevada granted an inmate appointment of counsel when the prison had implemented a policy of prohibiting physical access to the prison law library. *Koerschner v. Warden*, 508 F. Supp. 2d 849 (D. Nev. 2007). Rather, the prison used a "paging system" which allowed them to request no more than five legal materials at one

time. *Id.* at 850. The District of Kansas has recognized this case; however, distinguished it on the basis that the defendant did not claim lack of access to the courts. *United States v. McElhiney*, No. 98-CR-40083-DDC, 2016 WL 11695065, at *2 (D. Kan. Jan. 19, 2016). In *McElhiney*, the court recognized that a violation of an inmate's rights occurs when he can demonstrate the prison is hindering efforts to pursue a legal claim. *Id.* However, the defendant in that case was unable to make that showing. *See id.*

As previously noted, Plaintiff is in protective custody which allows him only limited access to legal research materials. Additionally, the COVID-19 pandemic has injected further complications resulting in staff shortages and reduced help at the law library. Plaintiff's situation in protective custody combined with restrictions associated with the COVID-19 pandemic has limited his ability to communicate efficiently with the Court and counsel, and his compromised ability to adequately prepare his case. He requires information that may not be available to inmates because of security issues and the Defendant has proposed a protective order which restricts access to witnesses and documents relevant in the case.

While any one of these factors would be insufficient to justify the appointment of counsel, the presence of all these factors in addition to a potentially restrictive protective order is enough to warrant the appointment of counsel. Plaintiff's motion for reconsideration (ECF No. 49) is **GRANTED.**

**IT IS ORDERED** that all deadlines and dates set in the scheduling order be suspended.

**IT IS FURTEHRED ORDERED THAT** discovery is stayed for both parties until after the appointment of counsel. After counsel is appointed, a new scheduling conference will be conducted.

    **SO ORDERED.**

Dated at Wichita, Kansas, on this 14th day of February 2022.

/S K<small>ENNETH</small> G. G<small>ALE</small>
Kenneth G. Gale
United States Magistrate Judge