UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES ALLEN SPURLOCK,

    Plaintiff,

v.                                           Case No. 5:20-cv-3121-JWB-KGG

RICHARD ENGLISH and SAM CLINE,

    Defendants.

**REVISED SCHEDULING ORDER**

On **April 27. 2022**, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, Kenneth G. Gale, conducted a status conference in this case with the parties.[1] Plaintiff appeared through counsel, Larry G. Michel. Defendants appeared through counsel, Kate M. Simpson and Whitney L. Casement.

After consultation with the parties, the Court enters this revised scheduling order:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

1

1. **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the Court has determined that settlement of this case potentially would be enhanced by use of early settlement efforts. Toward that end, Plaintiff must submit a good-faith settlement proposal to Defendants by **July 22, 2022**. Defendants must make a good-faith counter-proposal by **August 12, 2022**. By **August 26, 2022**, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge). These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method.

2. **Discovery.**

a. All discovery in this case must be commenced or served in time to be completed by **September 30, 2022**. Under recent amendments to the Federal Rules of Civil Procedure, the Court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the

discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

  b. If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by the party bearing the burden of proof by **July 1, 2022**, and by the responding party by **July 22, 2022.** No rebuttal experts are contemplated in this order. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (*e.g.*, whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

  c. The parties *agree* that physical or mental examinations pursuant to Fed. R. Civ. P. 35 *may be* appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **July 22, 2022**. The Rule 35 report is due by **August 5, 2022.** Any response to the Rule 35 report is due by **August 26, 2022.** If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be

fully briefed by the parties, the motion to be decided by the Court, <u>and</u> for the examination to be conducted, all before the deadline expires.

d. No party may serve more than **25** interrogatories, including all discrete subparts, on any other party.

e. No more than **6** depositions may be taken by Plaintiff, and no more than **6** depositions may be taken by Defendants. Each deposition must be limited to **6** hours except for the depositions of parties which must be limited to **7** hours. All depositions must be governed by the written guidelines that are available on the Court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

f. A protective order has been entered in this case. (ECF No. 59).

g. The parties <u>do consent</u> to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

h. The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive manner" mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this Court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase

the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the Court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the Court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.    Motions.**

a.    The parties have stipulated that no motions to dismiss will be filed in this case.

b.    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **June 10, 2022**.

c.    All other potentially dispositive motions (*e.g.*, motions for summary judgment), must be filed by **November 4, 2022**. The Court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d.    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, *i.e.*, summary-judgment briefs that fail to comply with these rules may be rejected, resulting in

summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the Court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute. The parties should follow the summary-judgment guidelines available on the Court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

e.	All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **November 4, 2022**.

f.	If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel must arrange a telephone conference with the undersigned magistrate judge *before* filing such a motion.

For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.

g.  Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

h.  To avoid the filing of unnecessary motions, the Court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

i.  The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the Court.

**4.  Pretrial Conference, Trial, and Other Matters.**

a.  By **June 10, 2022**, any party asserting comparative fault must identify all persons or entities whose fault is to be compared for purposes of Kan. Stat. Ann. § 60-258a (or any other similar comparative-fault statute that might be applicable). If another person or entity is so identified, then the party asserting comparative fault also must specify the nature of the fault which is claimed.

b.  Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for **October 12, 2022, at 10:00 a.m.**; this pretrial conference will be conducted by telephone

unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person. Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference. No later than **October 5, 2022**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the Clerk's Office. It must be in the form available on the Court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

  c. The parties expect the jury trial of this case to take approximately **5** trial days. The Court will subsequently set the case for trial.

  d. The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

  e. This Court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves

accordingly when litigating cases in this Court. The *Pillars of Professionalism* are available on this Court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

    g.    Judge Broomes has entered a standing order regarding Page Limitations for Memoranda and Briefs. The standing order can be found on the Court's Internet website at:

http://www.ksd.uscourts.gov/wp-content/uploads/2018/05/attachment-1.pdf

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated April 27, 2022, at Wichita, Kansas.

                                             /S KENNETH G. GALE
                                             KENNETH G. GALE,
                                             United States Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | 7/22/2022 |
| Defendants' settlement counter-proposal | 8/12/2022 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | 8/26/2022 |
| Mediation completed | N/A |
| ADR report filed by Defendant | N/A |
| Supplementation of initial disclosures | N/A |
| All discovery completed | 9/30/2022 |
| Experts disclosed by party bearing burden of proof | 7/1/2022 |
| Experts disclosed by responding party | 7/22/2022 |
| Rebuttal experts disclosed | N/A |
| Physical and mental examinations | 7/22/2022 |
| Rule 35 report | 8/5/2022 |
| Response to Rule 35 report | 8/26/2022 |
| Jointly proposed protective order submitted to court | N/A |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | N/A |
| Motions to dismiss | N/A |
| Motions to amend | 6/10/2022 |
| All other potentially dispositive motions (*e.g.*, summary judgment) and motions challenging admissibility of expert testimony | 11/4/2022 |
| Comparative fault identification | 6/10/2022 |
| Status conference | N/A |
| Proposed pretrial order due | 10/5/2022 |
| Pretrial conference | 10/12/2022 at 10:00 a.m. |
| Trial; ETT | T/B/D; 5 days |